

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. O. Murdoch
County Attorney
Menard County
Menard, Texas

Dear Sir:

Opinion No. O-3021
Re: May a county judge
proceed with official
duties, such as swear-
ing in new officers,
and approving of of-
ficers' bonds, after
he has taken the oath
of office and after
he has executed his
bond, but before he has
had his bond approved
by the commissioners'
court?

Your recent request for an opinion of this depart-
ment upon the above stated question has been received.

We quote from your letter as follows:

"I should like to have your opinion on
a question that has come up since the inaugura-
tion of the present administration of the Coun-
ty government, of which I am a part.

"May a County Judge proceed with official
duties, such as swearing new officers, and ap-
proving officers' bonds, after he has taken
oath of office and after he has executed his
bond but before he has had his bond approved
by the Commissioners Court?

"This question has been raised by the out
going County Judge, and it is my opinion that
the provision in respect to having the bond of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the County Judge approved is directory and not mandatory, and that the County Judge may begin official duties under the conditions set forth above, providing that his bond is approved on the day his term begins by the new Commissioners Court. I base my opinion upon the statute, largely, Article 1928, Civ. Statutes, Vol. 4, page 422, which reads as follows:

"* * *.

"Please give me your opinion at your earliest convenience; if it is contrary to mine, there may be a rather complicated situation existing here; and I may have to requalify, for I was sworn in by our new county judge; and I understand that one of the commissioners was sworn in and had his bond approved by the new county judge, and then he served to approve the bond of the new county judge."

For the purposes of this opinion, we are not passing upon the question of whether or not the official bond of the county judge must be approved by the commissioners' court before he is qualified as county judge, but under the facts stated above, the officer in question (County Judge) was at least an officer de facto. An officer de facto has been broadly defined as one who has the reputation of being the officer he assumes to be, also as one who, under color of right, enters into the possession of an office and exercises the functions thereof, or who exercises the duties of the office under the color of a known and valid appointment or election, but fails to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like. Numerous other definitions similar in import, are to be found in the books, (Kugle v. Glenrose Independent School District, 50 S. W. (2d) 375; Martin v. Grandview Independent School District, 266 S. W. 607).

Insofar as third persons are concerned, the rights and liabilities of the de facto officer are the same as those of an officer de jure. (Texas Jurisprudence, Vol. 34, p. 626, and authorities cited therein.)

The official acts of a de facto officer are valid

Honorable C. O. Murdoch, Page 3

so far as the public or third persons are concerned, and their validity may not be collaterally questioned. (Texas Juris., Vol. 34, p. 829, and authorities cited therein).

In view of the foregoing authorities and under the above stated facts, your question is respectfully answered in the affirmative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:RS

APPROVED JAN 14, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

